# United States Court of Appeals for the Federal Circuit

---

**IMPLICIT, LLC,**
*Appellant*

**v.**

**SONOS, INC.,**
*Appellee*

**JOHN A. SQUIRES, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2020-1173, 2020-1174

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-00766, IPR2018-00767.

---

Decided:  March 9, 2026

---

JASON LEE ROMRELL, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for appellant.  Also represented by TIMOTHY P. MCANULTY; J. DEREK MCCORQUINDALE, Reston, VA.

COLE BRADLEY RICHTER, Lee Sullivan Shea & Smith

2　　　　　　　　　　　　　　IMPLICIT, LLC v. SONOS, INC.

LLP, Chicago, IL, argued for appellee.  Also represented by GEORGE I. LEE, RORY PATRICK SHEA, SEAN MICHAEL SULLIVAN.

ROBERT MCBRIDE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor.  Also represented by PETER J. AYERS, SARAH E. CRAVEN.

————————————

Before TARANTO, STOLL, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

Implicit, LLC ("Implicit") appeals a final written decision on remand by the Patent Trial and Appeal Board ("Board") in an *inter partes* review ("IPR") of U.S. Patent No. 7,391,791 (the "'791 patent") and U.S. Patent No. 8,942,252 (the "'252 patent"), holding that certificates of correction of inventorship issued after the final written decisions had issued in the respective IPRs had no impact on the final written decisions. *Sonos, Inc. v. Implicit, LLC*, IPR2018-00766, IPR2018-00767, 2023 WL 6367720, at *1 (P.T.A.B. Sept. 19, 2023) ("*Decision on Remand*").  Implicit also appeals the final written decisions in the IPRs of the '791 patent and the '252 patent.  *See also Sonos, Inc. v. Implicit, LLC*, IPR2018-00766, 2019 WL 4439131 (P.T.A.B. Sept. 16, 2019) ("*'791 Decision*"); *Sonos, Inc. v. Implicit, LLC*, IPR2018-00767, 2019 WL 4419356 (P.T.A.B. Sept. 16, 2019) ("*'252 Decision*").  For the reasons discussed below, we affirm.

## I.  BACKGROUND

Implicit owns the '791 and '252 patents.  *Decision on Remand* at *1; '791 patent; '252 patent.  Both patents originally listed Edward Balassanian and Scott Bradley as the only co-inventors.  *'252 Decision* at *4; '791 patent; '252 patent.    Mr. Balassanian  and  Mr. Bradley  were  both

employees of BeComm Corporation, the predecessor of Implicit. *'252 Decision* at *4; J.A. 2564.

Sonos, Inc. ("Sonos") petitioned for *inter partes* review of both patents, asserting unpatentability under 35 U.S.C. §§ 102 and 103. *'791 Decision* at *3; *'252 Decision* at *2; *see Decision on Remand* at *1. Sonos relied on alleged prior art reference Janevski,[1] which has a filing date of December 11, 2001. *Decision on Remand* at *3 (citing *'791 Decision* at *5, *6–7); J.A. 335; J.A. 4031–33; J.A. 1789. Implicit contended that Mr. Balassanian and Mr. Bradley conceived of the inventions and worked with engineer Guy Carpenter for implementation prior to December 11, 2001. *Decision on Remand* at *3 (citing *'791 Decision* at *6–7). Thus, Implicit argued that Janevski did not constitute prior art because the work of Mr. Carpenter inured to the inventors' benefit and the subject matter of the claims was conceived and actually reduced to practice prior to Janevski's filing date. *Id.*

In September 2019, the Board determined that all challenged claims were unpatentable.[2] *Id.* at *1; *'791 Decision* at *1; *'252 Decision* at *1. The Board concluded that Implicit's "evidence was insufficient to establish the conception of the invention and the communication of the invention to Mr. Carpenter such that any reduction to practice could inure to the inventors' benefit." *Decision on Remand* at *3 (citing *'791 Decision* at *7–9). As a result, the Board determined that Janevski constituted prior art to the challenged claims of the '791 patent and the '252 patent and determined that "the challenged claims [were]

---

[1]    U.S. Patent No. 7,269,338.

[2]    The Board concluded that claims 1–3, 6–9, 12, 16, 19, and 23–25 of the '791 patent and claims 1–3, 8, 11, and 17 of the '252 patent are unpatentable. *'791 Decision* at *1; *'252 Decision* at *1.

unpatentable as anticipated by Janevski or obvious over Janevski, alone or in combination with other prior art." *Id.*

After this court issued *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320, 1325 (Fed. Cir. 2019), Implicit filed notices of appeal in November 2019, identifying various issues to appeal including Appointments Clause violations. J.A. 1083–88; J.A. 4766–71. This court vacated the Board's decisions and remanded to the Board for proceedings consistent with this court's decision in *Arthrex*. ECF No. 61. On June 21, 2021, the Supreme Court in *United States v. Arthrex, Inc.*, 594 U.S. 1 (2021), agreed that there was an Appointments Clause violation, held that the appropriate remedy was to ensure IPR parties an opportunity for Director review of a Board's final written decision, and remanded to provide the opportunity for such Director review. 594 U.S. at 23, 25–26.

In November 2021, this court remanded the present case for the limited purpose of allowing Implicit to request rehearing and review by the Director of the final written decisions in light of the Supreme Court's *Arthrex* decision. ECF No. 70 at 2; *see Decision on Remand* at *2. On February 7, 2022, the requests for Director review were denied without opinion. J.A. 1123–24. Implicit was granted a new deadline to file its amended notice of appeal to challenge the denial of Director review. ECF No. 72; *Decision on Remand* at *2.

On December 17, 2021, Implicit requested that the United States Patent and Trademark Office correct the inventorship of the '791 and '252 patents to add Mr. Carpenter as an inventor. *Decision on Remand* at *2; ECF No. 78, Exs. E–F. The corresponding certificates of correction for both patents issued in August 2022. J.A. 174, 192. After the certificates of correction issued, this court remanded to the Board "for the sole purpose of having the [Board] issue an order addressing what, if any, impact the certificates of

correction would have on the final written decisions in these cases." ECF No. 85 at 2; *Decision on Remand* at \*2.

On September 19, 2023, the Board determined that while 35 U.S.C. § 256 is generally retroactive, "judicial estoppel and waiver appl[ied] under the specific circumstances of these cases." *Decision on Remand* at \*1; *see id.* at \*10 n.11 (acknowledging that waiver and forfeiture applied). Subsequently, the Board concluded that Implicit was precluded from relying on the certificates of correction of inventorship in the IPR proceedings as a basis to revisit the final written decisions. *Id.* at \*10–11.

Implicit timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## II. STANDARD OF REVIEW

"We review the Board's legal conclusions de novo and its fact findings for substantial evidence." *Game & Tech. Co. v. Wargaming Grp. Ltd.*, 942 F.3d 1343, 1348 (Fed. Cir. 2019) (citation omitted). "We set aside the Board's action if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Veritas Techs. LLC v. Veeam Software Corp.*, 835 F.3d 1406, 1413 (Fed. Cir. 2016) (quoting 5 U.S.C. § 706(2)(A)). "Whether a party forfeited an argument by failing to timely raise it is . . . reviewed for abuse of discretion." *Centripetal Networks, LLC v. Palo Alto Networks, Inc.*, 156 F.4th 1368, 1374 (Fed. Cir. 2025). "An abuse of discretion is found if the decision: (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact finding; or (4) involves a record that contains no evidence on which the Board could rationally base its decision." *Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1367 (Fed. Cir. 2016) (quoting *Bilstad v. Wakalopulos*, 386 F.3d 1116, 1121 (Fed. Cir. 2004)).

### III. DISCUSSION

Implicit contends that 35 U.S.C. § 256 corrections have a retroactive effect, and as a result, equitable doctrines such as judicial estoppel, waiver, and forfeiture should not apply "to nullify the effect of that correction." Appellant's Br. 45–47. Additionally, Implicit argues that its case has not met the substantive requirements of judicial estoppel, waiver, or forfeiture and that the Board erred in applying such doctrines in its decision. *Id.* at 27–44. We hold that forfeiture can apply notwithstanding the retroactive effect of 35 U.S.C. § 256 and that the Board did not abuse its discretion in applying forfeiture to the circumstances of this case. Accordingly, we need not and do not reach the issues of judicial estoppel or waiver.

### A.

We begin by addressing whether forfeiture applies in cases where a section 256 correction has been issued. Implicit argues that section 256 does not limit the time during which inventorship can be corrected, and thus, forfeiture is inapplicable to section 256 corrections of inventorship. Appellant's Br. 38–39. Sonos and the United States Patent and Trademark Office ("PTO") argue that forfeiture can apply even after section 256 corrections have been issued. Appellee's Br. 27–28; Intervenor's Br. 30–33. We agree with Sonos and the PTO.

We hold that forfeiture can apply to Implicit's antedating argument despite the 35 U.S.C. § 256 correction of inventorship. As an initial matter, the PTO granted Implicit's petitions to correct inventorship. *Decision on Remand* at *2; ECF No. 78, Exs. E–F; J.A. 174, J.A. 192. The Board merely decided that Implicit could not make new antedating arguments based on this correction of inventorship. *Decision on Remand* at *10 & n.11. Even so, we have indicated that whether there is a requirement of diligence in seeking correction of inventorship is "determined on the facts of that case." *Stark v. Advanced Magnetics, Inc.*,

29 F.3d 1570, 1575 (Fed. Cir. 1994). For example, we have "agree[d] that diligent action is required during a pending interference proceeding, where a change of inventorship can directly affect the trial and outcome of the proceeding." *Id.* These principles apply in this case where Implicit had the opportunity to seek correction of inventorship and assert its change of inventorship theory earlier in this proceeding, and such a change could "directly affect the trial and outcome of the proceeding." *Id.* Thus, we hold that it can be appropriate to apply forfeiture principles in a case when a 35 U.S.C. § 256 correction has issued.

## B.

We next consider whether the Board abused its discretion in determining that Implicit forfeited its ability to argue a new antedating argument based on the correction of inventorship. Implicit argues that its assertion of correction of inventorship was timely because it sought correction of inventorship for its patents while proceedings were ongoing, before Director Review finalized the proceedings. Appellant's Br. 39–41. Sonos and the PTO argue that Implicit's failure to raise its new antedating argument until years after the final written decisions and without sufficient justification for the delay constituted forfeiture and that the Board did not abuse its discretion in determining that Implicit forfeited this new antedating argument. Appellee's Br. 24–27; Intervenor's Br. 27–30. We agree with Sonos and the PTO.

"[F]orfeiture is the failure to make the timely assertion of a right." *United States v. Olano*, 507 U.S. 725, 733 (1993). A party forfeits an argument that it failed to present to the Board.[3] *See, e.g., Schwendimann v. Neenah,*

---

[3]    This Court has often used "waiver" and "forfeiture" interchangeably, although waiver is different than

*Inc.*, 82 F.4th 1371, 1383–84 (Fed. Cir. 2023).

The Board did not abuse its discretion when it determined that Implicit forfeited its right to argue that Mr. Carpenter was an inventor to support its antedating argument. The Board explained that Implicit failed to argue before the Board in the first instance any other theories of inventorship and waited until after the final written decisions had already been issued to seek certificates of correction. *Decision on Remand* at *10; *see In re Google*, 980 F.3d at 863. Implicit argues that the final written decisions "illuminated Mr. [Carpenter]'s necessary presence as an inventor," Appellant's Br. 39–41, relying on *Egenera, Inc. v. Cisco Sys., Inc.*, 972 F.3d 1367, 1376, 1378 (Fed. Cir. 2020). But the key circumstance allowing a mid-litigation effort to seek correction of inventorship in *Egenera* is not present here. In *Egenera*, a judicial adoption of a particular claim construction changed the scope of the claims and, hence, justified a new assessment by the patentee of who the co-inventors were. *See Egenera*, 972 F.3d at 1377–78 (relying on the district court's "legal determination" of

forfeiture. *In re Google Tech. Holdings LLC*, 980 F.3d 858, 862 (Fed. Cir. 2020). But "[w]hereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *Id.*; *Olano*, 507 U.S. at 733 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). While Implicit briefly argues that the Board's discussion of both terms lacks reasonable clarity required for review under 5 U.S.C. § 706, Appellant's Br. 37–38, the Board's explanation of the difference between the terms and its usage provides "sufficient clarity to permit 'effective judicial review.'" *Timken U.S. Corp. v. United States*, 421 F.3d 1350, 1355 (Fed. Cir. 2005) (quoting *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973)); *Decision on Remand* at *10 n.11 (citing *In re Google*, 980 F.3d at 862).

claim construction as creating a new issue as to an individual's "necessary presence as an inventor"); *id.* at 1376 (describing inventorship as a "legal conclusion" that "may vary depending on what . . . a court determines the claim scope to be").

No change in the claim scope occurred in the present case. From the beginning, Implicit "had in its sole possession the evidence of inventorship and intentionally presented evidence asserting a certain inventorship"— Mr. Balassanian and Mr. Bradley, without Mr. Carpenter. *Decision on Remand* at *10. Implicit has not adequately explained why it could not have made any arguments related to Mr. Carpenter in the first instance or more diligently sought correction of inventorship. When asked at oral argument about difficulties in asserting correction of inventorship earlier, Implicit explained that: (1) it believed its initial position was correct; and (2) Mr. Carpenter resided in Australia. Oral Arg. 9:55–10:50, https://www.cafc.uscourts.gov/oral-arguments/20-1173_10 092025.mp3. Implicit's first response raises concerns of sandbagging, where Implicit could "suggest[] or permit[], for strategic reasons, that the [Board] pursue a certain course, and later—if the outcome is unfavorable—claim[] that the course followed was reversible error." *In re Google*, 980 F.3d at 864 (quoting *Freytag v. C.I.R.*, 501 U.S. 868, 895 (1991) (Scalia, J., concurring in part and concurring in the judgment)). And Implicit forfeited its second argument by not arguing it before the Board or in its briefs before us. J.A. 1210–27; J.A. 1257–66; Appellant's Br. 38–41; *Schwendimann*, 82 F.4th at 1383–84; *ABS Global, Inc. v. Cytonome/ST, LLC*, 984 F.3d 1017, 1027 (Fed. Cir. 2021). Given these circumstances, we conclude that the Board did not abuse its discretion in finding that Implicit forfeited its argument. Because forfeiture is an independent ground for affirmance, we need not and do not reach Implicit's arguments regarding judicial estoppel and

waiver. *See, e.g., LSI Corp. v. Regents of Univ. of Minn.,* 43 F.4th 1349, 1355 (Fed. Cir. 2022).

## IV. CONCLUSION

We have considered the remaining arguments raised in Implicit's briefing in this appeal and find them unpersuasive. For the foregoing reasons, we affirm.

### AFFIRMED